

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:04CR342
    Civil No. 3:16CV319

URAIN ALEXANDER ROBINSON

## MEMORANDUM OPINION

Urain Alexander Robinson was found guilty of one count of possession with the intent to distribute cocaine hydrochloride and sentenced to 210 months of imprisonment. (ECF No. 20.) By Memorandum Opinion and Order entered on March 5, 2008, the Court denied Robinson's motion under 28 U.S.C. § 2255. (ECF Nos. 46, 47.) On May 26, 2016, the Court received another motion under 28 U.S.C. § 2255 from Robinson seeking relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). ("§ 2255 Motion," ECF No. 67.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to allow Robinson to file a successive § 2255 motion. Accordingly, Robinson's § 2255 Motion will be DISMISSED FOR LACK OF JURISDICTION. A certificate of appealability will be DENIED.

The Court notes that Robinson attached the forms for filing a 28 U.S.C. § 2244 motion with the United States Court of Appeals for the Fourth Circuit. The Clerk will be DIRECTED to forward the § 2244 motion and the accompanying § 2255 Motion to the Fourth Circuit.

Robinson also seeks appointment of counsel for "the Sentencing Reform and Corrections Act (S-2123)" or for reconsideration of his sentence. (Letter Mot. 1, ECF No. 66 (capitalization corrected).) No constitutional right to have appointed counsel in post-conviction proceedings exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). For example, appointment of counsel for an indigent petitioner is appropriate in a 28 U.S.C. § 2255 action when necessary for utilization of discovery procedures or when an evidentiary hearing is required. *See* Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rules 6(a) and 8(c). Upon review of Robinson's motion, the Court concludes that the interests of justice do not require the appointment of counsel at this juncture. Accordingly, the motion for appointment of counsel (ECF No. 66) will be DENIED.

An appropriate Order shall issue.

Date: 6-1-16
Richmond, Virginia

/s/
**James R. Spencer**
Senior U. S. District Judge